IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-CR-5-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TREVON CHRISTOPHER JONES, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter comes before the court in furtherance of oral rulings made on defendant's objection to his offense conduct level calculation at time of sentencing, held July 7, 2015.

## BACKGROUND

On April 16, 2015, defendant pleaded guilty, without benefit of a written plea agreement, to a two count criminal indictment, wherein he was charged with possession of a firearm and possession of ammunition by a felon, both in violation of 18 U.S.C. § 922(g)(1). The United States Probation Office calculated defendant's criminal history category as level V, his base offense level as 20, and his total offense level as 17 after a reduction pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. Based on the foregoing calculations, the advisory United States Sentencing Guidelines recommended a term of imprisonment of 46-57 months.

## DISCUSSION

The advisory Sentencing Guidelines, § 2K2.1(a), address the base offense level for various firearm-related crimes. As pertinent here, § 2K2.1(a)(4) provides that a defendant's base offense level is 20 where "the defendant committed any part of the instant offense subsequent to sustaining

one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4). The applicable commentary provides that "crime of violence" and "controlled substance offense" should be defined as they are for purposes of the career offender enhancement. Id. n.1. See generally U.S.S.G. § 4B1.2 (defining "crime of violence" and "controlled substance offense").

Prior to the instant offense, defendant had been convicted of assault with a deadly weapon inflicting serious injury ("AWDWISI"), in violation of N.C. Gen. Stat. § 14-32(b). It was based on that conviction alone that the United States Probation Office recommended the base offense level of 20. Defendant lodges an objection against that calculation. For the reasons that follow, defendant's objection is sustained.

As pertinent here, the advisory Sentencing Guidelines define a "crime of violence" as any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a). To determine whether a crime "has as an element the use . . . of physical force against the person of another" the court must approach the issue categorically, looking "only to the fact of conviction and to the statutory definition of the prior offense." United States v. Montes-Flores, 736 F.3d 357, 364 (4th Cir. 2013) (citing Taylor v. United States, 495 U.S. 575, 602 (1990)). Thus, the question before the court is not whether defendant's violation of § 14-32(b) is a "crime of violence," but rather whether all violations of § 14-32(b) qualify as "crimes of violence" under the relevant definition. See Begay v. United States., 553 U.S. 137, 141 (2008) ("In determining whether [a] crime is a violent felony, we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms

2

of how an individual offender might have committed it on a particular occasion."); Montes-Flores, 736 F.3d at 364.

Although the advisory Sentencing Guidelines do not explicitly require a "crime of violence" be committed with a certain mental state, see U.S.S.G. § 4B1.2(a), the Supreme Court, in interpreting identical language, found in 18 U.S.C. § 16, held that a "use" of force requires "a higher degree of intent than negligent or merely accidental conduct." Leocal v. Ashcroft, 543 U.S. 1, 9-10 (2004). Indeed, the Court suggested that a predicate offense only may qualify as a "crime of violence" where it was done recklessly. See id. at 13. The Fourth Circuit also has suggested that the "use" of force connotes something more than simple, or even criminal negligence. See Bejarano-Urrutia v. Gonzales, 413 F.3d 444, 446-47 (4th Cir. 2005) (noting that a crime is not a "crime of violence" unless force is "used" "as a means to an end."). With these principles in mind, the court now turns to the crime of AWDWISI, as that crime is defined by the State of North Carolina.

In analyzing the statute at issue, the court may look to the statutory language and the relevant interpretation of that language by the North Carolina Supreme Court. See United States v. Mungro, 754 F.3d 267, 270 (4th Cir. 2014). The statute criminalizing AWDWISI states that "[a]ny person who assaults another person with a deadly weapon and inflicts serious injury shall be punished as a . . . felon." N.C. Gen. Stat. § 14-32(b). The North Carolina Supreme Court has defined the necessary elements to obtain a conviction for AWDWISI as 1) an assault, 2) with a deadly weapon, 3) inflicting serious injury, 4) not resulting in death. North Carolina v. Jones, 353 N.C. 159, 164 (2000).

An "assault" is "an overt act or attempt, with force or violence, to do some immediate physical injury to the person of another, which is sufficient to put a person of reasonable firmness in fear of immediate physical injury." Id. However, there is no requirement the State show intent to commit an assault. See id. at 164-65. Rather, the State may obtain a conviction upon a showing a "culpable or criminal negligence," which includes "such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others." Id.

Because the State may obtain a conviction upon a showing of "a thoughtless disregard of consequences," AWDWISI cannot categorically be a "crime of violence." As noted above, a "crime of violence" involving the "use of force" must be done with, at an irreducible minimum, a reckless state of mind. See Bejarano-Urrutia, 413 F.3d at 446-47. "Recklessness" must be given its "generic definition." See Taylor v. United States, 495 U.S. 575, 598 (1990); United States v. Peterson, 629 F.3d 432, 436 (4th Cir. 2011). So defined, a "reckless" state of mind requires a "conscious disregard of a substantial and unjustifiable risk that the material element will result from the conduct." See Peterson, 629 F.3d at 436 (citing Model Penal Code § 2.02(2)(c)) (alterations omitted).

However slight, the distinction between a thoughtless and conscious disregard is a material one. See id. at 437. ("'Thoughtless disregard' . . . is less than 'conscious disregard,' which is the definition of recklessness."). Thus, because the State may obtain an AWDWISI conviction upon a showing of a mental state less than recklessness, AWDWISI categorically is not a "crime of violence," regardless of how violent defendant's own conduct may have been. Accordingly, defendant's objection must be sustained.

## CONCLUSION

Based on the foregoing, defendant's objection to his base offense level of 20, as calculated through application of U.S.S.G. § 2K2.1(a)(4) is SUSTAINED.

SO ORDERED, this the 8th day of July, 2015.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge